## SCHNEIDER et al. v. MINGENBACK.
### No. 2717.

Circuit Court of Appeals, Tenth Circuit.

Nov. 22, 1943.

George Siefkin, of Wichita, Kan. (Robert C. Foulston, Samuel E. Bartlett, George B. Powers, C. H. Morris, and John F. Eberhardt, all of Wichita, Kan., on the brief), for appellants.

Jos. G. Carey, of Wichita, Kan. (A. M. Buzzi, of Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The appellants each owned certificates denominated "preferred stock", in the Sam Schneider Oil Company, a bankrupt corporation. They filed proofs of claim with the trustee, claiming to be creditors of the corporation. They appealed to the District Court of the United States for the District of Kansas from the disallowance of the claims by the referee. They have appealed from the order of the District Court sustaining the referee. The sole question is whether their certificates constitute evidence of indebtedness against the corporation or are certificates of preferred stock.

The instruments purported to be preferred stock certificates. They were so denominated. But the name of an instrument is not conclusive. Its character

and import are to be determined from the reasonable meaning of the language used, as found within its four corners. If the instruments held by appellants and called preferred stock certificates in fact obligated the corporation to pay the amount specified out of its assets, then they evidence debts of the corporation and the holders are entitled to have their claims approved and allowed in bankruptcy.

The certificates in general contained the usual provisions found in preferred stock certificates. The controversy centers around this language in the certificates: "The owners of this stock are entitled to receive and the Company is bound to pay on January 1, 1939, the par value thereof, together with all accumulated and unpaid dividends; and this stock is redeemable by the Company on any dividend date at $102 per share, plus any unpaid dividends, after thirty days notice mailed to the holder thereof at his address as shown on the books of the Company."

It is claimed that this language evidences an indebtedness, an absolute obligation to pay, and takes the instrument out of the category of preferred stock certificates. It is to be noted that the certificates provided for the payment of dividends out of surplus and net earnings, that the dividends were cumulative, and that the preferred stock was entitled to all its dividends before the common stock received any. In Young v. Lyons Milling Co., 124 Kan. 83, 257 P. 717, the Supreme Court of Kansas considered the same question with which we are confronted here. There the preferred stock certificate provided that: "The holder hereof shall be entitled to receive the face value, plus accumulated dividends upon the surrender of this certificate on and after February 9, 1927."

The Supreme Court of Kansas held that this constituted a provision for the redemption of stock, that it was not an unreasonable provision, and that "it did not take from the certificate the character of corporate stock, nor convert the certificate into an evidence of indebtedness." We can see no substantial distinction between the certificates of stock in the Young case and the ones here. Reasonably construed, the provision requires the company to redeem its preferred stock as of a certain date. Such a provision is a reasonable one and enforceable between the stockholder and the corporation, but the stockholder's rights are clearly subordinate to those of the creditors of the corporation. Fletcher Cyc. of Corporations, Perm. Ed., Vol. 11, § 5310. The certificates do not evidence a debt within the bankruptcy law, and the claims were properly disallowed.

Affirmed.