In re The WHITE MOTOR CREDIT CORPORATION, White Motor Corporation, Gemini Manufacturing Company, White Motor Corporation of Canada, Limited and the White Motor Credit Corporation of Canada, Limited, Debtors.

BANK CREDITORS GROUP and Creditors' Committee of White Motor Corporation, Appellants,

v.

Samuel H. HAMILL, Appellee.

Civ. A. No. C81–1427.

United States District Court, N.D. Ohio, E.D.

Nov. 24, 1982.

Joseph Patchan, Baker & Hostetler, Cleveland, Ohio, David L. Bleich & George J. Wade, Sherman & Sterling, New York City, for Bank Creditors Group.

Edward R. Brown, Arter & Hadden, Cleveland, Ohio, Creditors' Committee of White Motor Corp., Forrest B. Weinberg & David G. Heiman, Hahn, Loeser, Freedheim, Dean & Willman, Cleveland, Ohio, for Creditors' Committee of White Motor Credit Corp.

Michael J. Crames, Levin & Weintraub, New York City, G. Christopher Meyer, Squire, Sanders & Dempsey, Cleveland, Ohio, for White Motor Corp., debtor & debtor-in-possession.

Michael A. Gallo, Nadler & Nadler, Youngstown, Ohio, for Creditors' Committee of Gemini Manufacturing Co.

Kenneth F. Seminatore, Climaco, Seminatore, Lefkowitz & Kaplan, Cleveland, Ohio, for The Examiner.

Dean C. Harvalis, S.E.C., Chicago, Ill., for S.E.C.

Michael T. Gavin & Eli Manos, Mansour, Gavin, Gerlack & Manos, Cleveland, Ohio, for Hamill.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is an appeal filed by the Creditors' Committee of White Motor Corporation (Creditors' Committee) and by the Bank Creditors Group (Bank Group) from an Order of the Bankruptcy Court appointing an Equity Security Holders' Committee (Equity Committee) of White Motor Corporation (White Motor).

This Court has jurisdiction pursuant to the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, Title IV, sec. 405(c), 92 Stat. 2549, 2685 (1978) which provides that, during the transition period from October 1, 1979 through March 31, 1984, the jurisdiction of the district courts to hear bankruptcy appeals shall be governed by the future 28 U.S.C. § 1334.

## FACTS

On January 8, 1981, the Security and Exchange Commission (SEC) moved the Bankruptcy Court for the appointment of an Equity Committee. The motion was unopposed by all parties, including the appellants in the instant case, and a hearing was held on the motion at a regularly scheduled White Order Day on January 22, 1981. On that date, counsel for the SEC and White Motor advised the Bankruptcy Court by letter that they had agreed on a plan for locating potential members of an Equity Committee. Progress reports on the search for members of the committee were discussed at five subsequent White Order Days in February, March, April and May. More than four months passed while plans for formulating the committee were implemented and qualified members were solicited. Facing an August 31, 1982 deadline for the closing of the potential sale of the debtor's White Motor assets, on May 22, 1982, an application for the appointment of Samuel Hamill, Joseph Dowman and Martha Mammos to the Equity Committee was filed (Hamill Application). The application was filed the Friday before the Memorial Day weekend and a hearing was set for May 28, 1982, the Thursday following the holiday. At the hearing, appellants moved for a continuance and opposed the application; the Bankruptcy Court denied the motion for a continuance and granted the application. Appellants appealed from the order granting the application.

The issues on appeal were fully briefed by the parties, and several extensions of time were granted to enable all parties to adequately address the merits, and file reply briefs. An exhaustive hearing was held before this Court on May 4, 1982, at which time all parties were given every opportunity to present all their arguments.

## STANDARD OF REVIEW

■ Rule 810 of the Rules of Bankruptcy Procedure provides that findings of fact of a Referee in bankruptcy (a Bankruptcy Judge under the 1978 Bankruptcy Reform Act) are to be accepted by the reviewing court unless the findings are clearly erroneous.[1] The standard of review set forth in Rule 810 is firmly established in the Sixth Circuit. *See, McDowell v. John Deere Industrial Equipment Co.,* 461 F.2d 48, 50 (6th Cir.1972); *Slodov v. United States,* 552 F.2d 159, 162 (6th Cir.1977), *rev'd on other grounds,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). *See also, In re Schmelzer,* 350 F.Supp. 429 (S.D.Ohio 1972); *In re Penn-Dixie Industries, Inc.,* 9 B.R. 936 (D.C. S.D.N.Y.1982). If the Bankruptcy Court has a reasonable basis for its findings of fact, a reviewing court cannot reject the findings and substitute its own, simply to achieve what the reviewing court may regard as a more desirable result. *In re Mid-Center Redevelopment Corp.,* 383 F.Supp. 954, 958 (D.N.J.1974). However, the district court may reach its own conclusions of law, and is not bound by the clearly erroneous standard when reviewing the bankruptcy court's application of a legal standard. *In re Cabezal Supermarket, Inc.,* 406 F.Supp. 345, 348 n. 2 (D.N.D.1976).

## CONCLUSIONS

### I

■ Appellants argue that they were given inadequate notice of the hearing on the Hamill Application. Under the circumstances, appellants' objection is without merit. Title 11 U.S.C. § 1102 governs the appointment of an equity security holders' committee. The statute does not provide for or require notice for the appointment of an equity security holders' committee. Although the Bankruptcy Court provided notice and a hearing, it was not required to do so. Appellants' claim of inadequate notice is unsupported by the facts. This Court notes that more than four months elapsed while a potential committee was being for-

---

**1.** Rule 810 provides: Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witnesses.

mulated and yet appellants never filed any objections or opposition to the application for the appointment of the Equity Committee. Hence, this Court concludes that it is not the appointment of the Equity Committee of which appellants complain; rather, appellants object to the specific members chosen to serve on that committee. Section 1102(c) allows the bankruptcy court to "change the membership or the size of a committee" upon the request of a party in interest, and after notice and a hearing. Appellants might more appropriately have pursued their objection under § 1102(c) and thereby might also have been entitled to the hearing which they desire. Nothing in the record suggests that appellants filed a request under § 1102(c).

The Bankruptcy Court cannot be faulted for proceeding expeditiously, particularly in light of Bankruptcy Rule 903, which states that bankruptcy rules are to be construed to secure expeditious administration and speedy determination of bankruptcy proceedings. The Advisory Committee's Note to Bankruptcy Rule 903 states that a chief purpose of the bankruptcy law is the expeditious and economic administration of bankrupt estates. This Court does not suggest that speed should take priority over due process. In the case at bar, however, no notice and hearing was required and therefore it was not error for the Bankruptcy Court to proceed expeditiously.

## II

■ Appellants contend that the persons appointed by the Bankruptcy Court to the Equity Committee are not appropriate representatives of White Motor's equity security holders. This Court does not agree with appellants. Title 11 U.S.C. § 1102(b)(2) states that an equity committee "shall *ordinarily* consist of the persons willing to serve, that hold the seven largest amounts of equity securities of the debtor of the kinds represented on such committee." (Emphasis added) The SEC motion of January 22, 1981 reveals White Motor's 102 largest shareholders of record. The SEC motion also indicates that White Motor's

remaining 19,900 holders of record are small shareholders, owning an average of approximately 173 shares each. Four of the persons appointed to the committee, Samuel Hamill, Joseph Dowman, George Basen and Martha Mammos, are small shareholders, owning 108, 37, 29, and 116 shares each, respectively. The remaining two appointees are large shareholders, owning more than 10,000 shares each. It is clear that, even in combination, the appointees own an insubstantial number of White Motor shares. However, they comprise a committee which reflects a 2 to 1 ratio of small shareholders to large shareholders. The ratio of small shareholders to large shareholders in the pool of all White Motor shareholders is 100 to 2. Thus, the proportion of small to large shareholders on the committee, reflects, somewhat loosely, the "kinds" of shareholder interests in White Motor. *See,* 11 U.S.C. § 1102(b)(2).

■ This Court does not read § 1102 to limit the composition of an equity security holders' committee to those persons who hold the seven largest amounts of equity securities of the debtor. Section 1102's qualifying language "of the kinds represented on such committee" should not be overlooked. This Court does not believe Congress intended that only large shareholders should be represented on an equity committee. Rather representatives of owners of small and intermediate number of shares, as well as representatives of owners of different classes of stock should be appointed to serve on an equity committee.

What is most persuasive to the Court in its decision to uphold the Bankruptcy Court's appointment is the lack of alternatives with which it was presented. As noted above, the search for appropriate representatives to serve on the committee was a lengthy one. It generated little response from shareholders. All shareholders who responded were ultimately appointed to the Equity Committee. This Court notes that it is implausible to require the Bankruptcy Court to appoint persons who are not interested in serving on the Equity Committee. Accordingly, it was not improper for the

Bankruptcy Court to limit its appointments to those persons who expressed an interest in serving. This Court is not convinced that inadequate steps were taken to locate persons interested in serving. Furthermore, the "ordinarily" language of § 1102(b)(2) indicates that the seven largest shareholders language is merely a guideline from whence there may be variation and exception. In the case at bar, it was not error for the Bankruptcy Court to make exception. Furthermore, this Court finds that the representation provided is preferable to the alternative which appellants seem to advocate—no representation at all.

This Court rejects appellants' argument that the four small shareholders have an insufficient stake in the outcome to adequately represent the class of shareholders. The mere fact that these persons had sufficient interest to respond to the search for committee members makes them better representatives than the thousands of shareholders who did not respond. Those who did not respond cannot be genuinely interested in making the effort required to provide quality representation.

While appellants suggest that the four small shareholders are subject to conflicts of interest, this Court notes that the challenged shareholders have not taken action indicative of a conflict. This Court will allow them to continue to serve until such time as they act in a manner adverse to the interests they have been appointed to serve. It is "purely speculative" as to whether the four challenged shareholders will breach their fiduciary duties. *In re Penn Dixie Industries, supra,* 9 B.R. at 940. In the event of such an occurrence, appellants may request a change in the membership of the committee under § 1102(c).

### III

■ Appellants also contest the Bankruptcy Court's appointment of Samuel Hamill as chairman of the Equity Committee. Appellants cite no case law to support their position; they merely complain that there is no statutory provision upon which the Bankruptcy Court could have based its appointment. This Court can find no error in the appointment of Hamill as chairman, nor can it find case law or statutes which prohibit the appointment. Again, the Court suggests that appellants' remedy can be found at § 1102(c).

### IV

■ Appellants' last assignment of error is the Bankruptcy Court's refusal to permit evidence regarding White Motor's insolvency. As this Court held in its ruling of April 26, 1982, the issue of White Motor's insolvency was irrelevant in light of the fact that an equity security holders' committee is specifically authorized by § 1102(a)(2) and inasmuch as the interests of the security holders cannot be determined until a reorganization plan is formulated. Accordingly, it was not error for the Bankruptcy Court to deny the continuance and exclude evidence of White Motor's insolvency.

Moreover, the Bankruptcy Court is authorized under § 1102 to appoint such committees as are necessary to assure adequate representation of equity security holders. It was not unreasonable for the Bankruptcy Court to appoint a committee inasmuch as the owners of approximately 9,350,000 shares of White Motor stock would be affected by White Motor's reorganization. This Court will not disturb the Bankruptcy Court's finding that an equity shareholders' committee was warranted.

Appellants' prayer that the Bankruptcy Court's Memorandum Order appointing an Equity Committee be remanded to the Bankruptcy Court for further proceedings on the issue of White Motor's insolvency is denied and the appeal is dismissed.

IT IS SO ORDERED.