**In re WILSON FOODS CORPORATION, WILSON CERTIFIED EXPRESS, INC., WILLIAMS MEAT CO., INC., FISCHER PACKING COMPANY, Debtors.**

Bankruptcy Nos. Bk–83–01034, Bk–83–01040, Bk–83–01038 and Bk–83–01039.

United States Bankruptcy Court, W.D. Oklahoma.

July 19, 1983.

Roy H. Carlin and John A. Lowe, of Reavis & McGrath, New York City, G. Blaine Schwabe, III, of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, and Reef C. Ivey II, General Counsel, Wilson Foods Corp., Oklahoma City, Okl., for debtors.

Kenneth I. Jones, Jr. and Lynn A. Pringle, of Eagleton, Nicholson, Jones, Blaney & Pringle, Oklahoma City, Okl., for FDL Foods Co.

I. William Cohen, of Hertzberg, Jacob & Weingarten, Detroit, Mich., for Official Unsecured Creditors' Committee.

## ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

In these jointly administered cases FDL Foods Company has moved for an order appointing it to the Unsecured Creditors Committee. Wilson, the collective debtors in possession, objects on the grounds that FDL is a significant competitor and inclusion would impair its willingness and ability to deal candidly with the committee.

FDL is one of the 20 largest creditors and competes with Wilson in the pork processing business. It contends that its expertise in the industry would be useful to the committee. On the other hand, Wilson argues that FDL's presence would impair reorganization for it would need to protect confidential matter provided to the committee.

The Code provides little guidance on the composition of creditors' committees. It merely says members must be creditors holding unsecured claims. 11 U.S.C. § 1102. The duties of a committee, however, require that it dig deep into all aspects of the debtor and its business affairs. 11 U.S.C. § 1103(c).

While there is no direct proof that FDL would abuse membership it would certainly have an opportunity to do so. Statements indicate that Wilson is the Nation's largest pork processor. Harm to it could be of obvious benefit to a competitor. If FDL did not take advantage of information gained through membership its stockholders might contend that management was not furthering their interests. Whoever FDL might select as its representative would need to serve conflicting interests between two constituencies—the Wilson creditors on one hand and the FDL shareholders on the other. Conflicting interests and divided loyalties have no place on a committee of creditors. *See In re Johns-Manville Corp.,* 26 B.R. 919, 924–925 (Bkrtcy.S.D.N.Y.,1983).

Furthermore, the committee does not support the motion and has stated its view that the composition of the committee is adequate and additional members could create problems of size. It has not expressed any need for special industry participation. If that need should arise, it can seek approval to employ independent agents. 11 U.S.C. § 1103(a).

· The motion is, therefore, denied.