## In re NATIONAL EQUIPMENT & MOLD CORP., Debtor.

### Bankruptcy No. 83–00264.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 13, 1983.

Thomas J. Schank, Toledo, Ohio, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before this Court for Hearing on three Motions: 1) the Application of the Priority Creditors Committee to Correct Communications; 2) the Application of the Priority Creditors Committee to Employ Counsel; and, 3) the Application of the Debtor-In-Possession to Dissolve the Priority Creditors Committee.

The issue underlying these Motions are manifestations of an ongoing dispute between the Debtor-In-Possession and the United Auto Workers (UAW), which represents the workers at the Debtor-In-Possession's place of business. This dispute arose, in part, just prior to the initiation of the bankruptcy case, where the Debtor-In-Possession was unable to meet the employee's payroll. Subsequent to the filing of the petition other problems have arisen which, after lengthy discussions and hearings in this Court, have been resolved. The present problem involves a statement issued by the Debtor-In-Possession to its creditors which, among other things, indicated that the UAW had made "a series of totally unfounded Motions in Federal Court that left company management with no alterna-

tive but to file a protective Chapter 11 petition." The UAW now seeks to "correct" this statement by asking that it be done under the auspices of the Court and at the expense of the estate.

At previous hearings in this Court the UAW requested and received permission to form a Priority Creditors Committee. Currently, the committee consists of one member, inasmuch as, according to the Debtor-In-Possession, there no longer remains any unpaid priority creditors. Purportedly, the committee represents any creditor entitled to priority under the Bankruptcy Code.

The priority creditors committee was appointed pursuant to 11 U.S.C. § 1102(a)(2) which states in part, that:

"(2) On request of a party in interest, the Court may order the appointment of additional committees of creditors ... if necessary to assure adequate representation of creditors..."

Although it is questionable whether or not the UAW is the proper party to be appointed to the committee, see, In re Altair Airlines, Inc., 25 B.R. 223 (Bkrtcy.E.D. Pa.1982), that issue has not been raised in this case. However, what has been questioned is the propriety of the UAW's request to correct the Debtor-In-Possession's statement with Court approval.

It is clear that the member of a creditor's committee may not act through the committee in such a manner so as to promote only that creditor's interest. In re Johns-Manville Corp., 26 B.R. 919 (Bkrtcy.S. D.N.Y.1983). The UAW has asserted that the estate would somehow be benefited by correction of this statement. However, the president of the local chapter of the UAW testified that he was unsure as to what that benefit would be.

It is apparent from the evidence presented and the arguments of counsel that the only benefit to be gained from correction of this statement would be to place the UAW in a more favorable light with regard to the reasons why the Debtor-In-Possession filed bankruptcy. In that respect that correction would only serve to benefit the UAW. Despite the fact that

the UAW is the only official member of the committee, a review of the record reflects that other priority creditors exist in this case. The UAW's use of the committee for the present purpose cannot be allowed, inasmuch as only its interests would be benefited.

It is also apparent that requiring the correction of the statement through the administration of the estate could arguably lead to the conclusion that the Court approves of the correction. This Court is not prepared to entertain the issue as to whether the Debtor-In-Possession or the UAW is correct in the position addressed by the statement, since it does not materially affect the administration of the case. The UAW is always free, in its individual capacity and at its own costs, to direct any statement they chose to the other creditors in this case. However, this Court will not sanction such a correction or charge the costs thereof to the estate.

In reaching these conclusions, the Court has considered all of the evidence and argument of counsel, whether or not specifically referred to in this Opinion.

For good cause shown, and in accordance with this Opinion, it is

ORDERED that the Application to Correct Communications to Creditors be, and it is hereby, DENIED.

It is FURTHER ORDERED that the Application to Employ Counsel be, and it is hereby, APPROVED, provided that the Committee employs such counsel solely for legitimate legal service which actually benefit the estate.

It is FURTHER ORDERED that the Application to Dissolve the Priority Creditors Committee be, and it is hereby, DENIED.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record.