In re The CHARTER COMPANY, et al., Debtors.

**Bankruptcy Nos. 84–289–BK–J–GP to 84–332–BK–J–GP.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 30, 1984.

See also, Bkrtcy, 42 B.R. 251.

L.A. Strickland, pro se.

Timothy C. Campbell, Panama City, Fla., for L.A. Strickland.

Joel B. Zweibel, New York City, for Unsecured Creditors' Committee.

Smith & Hulsey, Jacksonville, Fla., Levin, Weintraub & Crames, New York City, for Debtors.

## ORDER REMOVING L.A. STRICKLAND FROM UNSECURED CREDITORS' COMMITTEE

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS MATTER is before the Court on the motion of the Unsecured Creditors' Committee for the Court to remove one of its current members, i.e. L.A. Strickland, an individual owner of preferred convertible shares in The Charter Company. Mr. Strickland makes no claim of creditor status other than his ownership of those shares.

This Chapter 11 case was filed on April 20, 1984. On that day, the Court entered an order appointing a single committee pursuant to 11 U.S.C. § 1102, based on creditor information supplied by the debtor. During the ensuing weeks, the Court determined that some of the initial committee members, among whom Mr. Strickland was not included, did not wish to serve and that other entities not initially appointed did wish to serve. The Court was also presented with motions for the appointment of various specialized committees. Following a hearing held on June 22, 1984, the Court determined that it was appropriate to appoint a total of four committees, i.e., the mandatory committee of unsecured creditors required by § 1102, a committee of equity security holders, a committee of oil interest holders, and a committee of tort claimants who allege personal and pecuniary injuries stemming from conduct of one of the filing subsidiaries. On July 11, 1984, the Court entered the Order appointing Mr. Strickland and other current members to the mandatory committee, appointed members of the oil interest and dioxin claimants' committees, and set in motion the mechanisms for appointment of members to the equity security holders' committee. Mr. Strickland, who had requested appointment, is the only individual to have been appointed to the committee and the only shareholder. The equity security holders' committee was appointed on September 6, 1984; counsel has been appointed for that committee, and it appears to be taking an active role in this case.

The bases for the removal of Mr. Strickland argued by the Committee are that 1) creditor and equity shareholders are mutually exclusive categories and thus by the language of § 1102 of the Code, Mr. Strickland is not qualified for membership on the Unsecured Creditors' Committee, and 2) the interests of shareholders are necessarily, or highly likely to be, at variance with the interests of unsecured creditors so that an impermissible conflict of interest exists.

Mr. Strickland responds that the Court has already determined the issue in making his appointment and is precluded from reconsidering. He also argues that his ownership of preferred shares places him in the position of an unsecured creditor on the basis of the rights accorded to preferred, as opposed to common, shareholders.

It appears that the position of the Committee with respect to the statutory status of equity security holders is correct. There is little published case law construing § 1102, but a reading of the section, along with other sections discussed *infra*, convinces the Court that the Code views creditors and equity holders as entirely different categories of entities. Section 1102(2) provides that the "... court may order the appointment of additional committees or creditors *or* equity security holders ..."

(emphasis added). Section 101(9) of the Bankruptcy Code defines a "creditor" as:

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief ...;

(B) entity that has a claim against the estate of a kind specified in (several Code section, none of which are applicable here); or

(C) entity that has community claim.

An equity security holder is defined in § 101(16) as "holder of an equity security of the debtor," subsection (15) defines "equity security" as:

(A) *share in a corporation* whether or not transferable or denominated "stock," or similar security; (emphasis added)

(B) interest of a limited partner in a limited partnership; or

(C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B).

Section 501(a) provides that "A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest."

This provision seems to make clear, given the definition of "creditor," that an equity shareholder does not possess that which is at the essence of creditor status, i.e. a "claim." It appears clear that the drafters of the Code intend part owners of a debtor, equity shareholders, not to be categorized as creditors.

It further appears that it can be stated as a general proposition that a conflict of interests between unsecured creditors and equity security holders is, if not absolutely inherent in a reorganization, sufficiently likely to arise that it is not appropriate for a holder of an equity interest to sit on a creditors' committee. In any event, there is now fully operational a committee of equity security holders; Mr. Strickland is eligible to apply for appointment to that committee and, whether or not he is appointed, the committee exists to represent the interests of the equity shareholders;

the Court has every reason to believe that it will act in their best interests. Thus, not only is the presence of an equity security holder on the unsecured creditors' committee inappropriate from the standpoint of Code policy and potential conflict of interests, it is superfluous.

With respect to Mr. Strickland's argument that the issue is determined and the Court is precluded from reconsidering it, we note that we have entered no earlier statement of our interpretation of the relevant law. Section 1102(c) of the Code provides that, "on request of a party in interest and after notice and a hearing, the court may change the membership or the size of a committee ... if the membership ... is not representative of the different kinds of claim or interest to be represented." 11 U.S.C. § 1102(c). Mr. Strickland does not and cannot be expected to represent those interests.

Mr. Strickland argues that his convertible preferred shares represent a "hybrid between debt and equity" and thus he is taken out of the strict definition of an equity shareholder. The principle enunciated in *Schneider v. Mingneback*, 139 F.2d 86 (10th Cir.1943), that language in a stock certificate which evidences an absolute indebtedness on the part of a corporation to a preferred shareholder, while valid and enforceable *as between the parties* does not make the rights of the shareholder any less subordinate to the rights of creditors than they would have been absent such language and do not indicate the existence of a debt, is still valid. An equity holder is not "promoted" to creditor or quasi-creditor status because of language in a share certificate or the rights which state or other relevant law determines are inherent in ownership of preferred shares. Those may enhance shareholder's rights relative to the corporation and the other shareholders but not as to creditors of the corporation.

It appearing that Mr. Strickland cannot claim creditor status under the Code and that the likelihood of conflict of interest in his current position is high, the Court finds

that so long as Mr. Strickland serves on the Committee its membership is "not representative of the different kinds of claims and interests to be represented" by that Committee.

Therefore, it is

ORDERED that L.A. Strickland is removed from the Committee of Unsecured Creditors effective immediately.