In re ALLIED DELIVERY SYSTEMS CO., Debtor.

Bankruptcy No. B84–3167.

United States Bankruptcy Court, N.D. Ohio, E.D.

March 27, 1985.

-------

MEMORANDUM OF DECISION AND ORDER

ALICE M. BATCHELDER, Bankruptcy Judge.

This matter came on for hearing on March 7, 1985, on the Application of the International Brotherhood of Teamsters,

**86**

Chauffeurs, Warehousemen and Helpers of America and the Teamsters National Freight Industry Negotiating Committee (the "Union") to be appointed to the Unsecured Creditor's Committee. On consideration of the arguments of counsel and the briefs the Court finds that the Application should not be granted and makes the following findings of fact and conclusions of law in support of its ruling.

Allied Delivery Systems Co. filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 24, 1984. A creditors' committee was subsequently appointed consisting largely of trade creditors. The Union now seeks to be added to the Committee.

Although the Court acknowledges that the Union has a claim for purposes of § 1102(a) it notes that the Union has failed to demonstrate that the Committee as composed is unrepresentative of the general unsecured creditors. The Court additionally notes that: 1) the priority claimants which the Union represents differ in kind from the general unsecured claimants; 2) the adversarial relationship between the Debtor and the Union as a result of the break-down of negotiations between them and the filing before the NLRB of an unfair labor practice charge, renders the appointment of the Union to the Committee inappropriate; and 3) the Local 407 Insurance Fund whom the Union seeks to represent, among others, was appointed to the Committee by this Court and declined to serve.

Accordingly, the Union's Application for appointment to the Creditors' Committee is DENIED.

It is so ORDERED.