In re PLANT SPECIALTIES, INC., Debtor.

Bankruptcy No. 485–00860–LC–11.

United States Bankruptcy Court, W.D. Louisiana.

Jan. 6, 1986.

M. Susan Hardie, Butler & Binion, Houston, Tex., for J.E. Lonergan & Co.

H. Gayle Marshall, Lake Charles, La., for debtor-in-possession.

## OPINION AND ORDER

RODNEY BERNARD, Jr., Bankruptcy Judge.

This matter came before this court on the objection of the debtor and of Dresser Industries, Inc., to the appointment of a representative of J.E. Lonergan Company and Control Specialties, Inc. to the creditors' committee in the above-referenced case. The basis of the objection is that the prospective appointees are business competitors of the debtor, therefore creating a conflict of interest between the creditors' fiduciary duties as representatives of all the creditors and their individual self interest. In addition, it is alleged that a member of the creditors' committee would have access to trade secrets, or more specifically, the debtor's customer lists. For the reasons stated below, the appointment of Randy Pennington to the creditors' committee representing Lonergan and Control Specialties, is hereby approved.

The bankruptcy court has the discretion to appoint to the creditors' committee those creditors who will best represent the class of unsecured creditors. The mere fact that a creditor is a competitor will not alone bar his appointment to the creditors' committee. 5 *Collier on Bankruptcy* § 1102.01 (15th ed. 1985). The debtor has the burden of demonstrating how the appointment of a competitor will be detrimental to its reorganization efforts. The creditors' committee is intended to represent the diverse interests and concerns of all the creditors, and is not merely a tool which the debtor uses to negotiate with the creditors. "The committee ... is not intended to be merely an arbiter but a partisan which will aid, assist, and monitor the debtor pursuant to its own self-interest." *In re Daig Corporation,* 17 B.R. 41 (Bankr.D. Minn.1981).

In this case, the debtor, and Dresser Industries, first object to Mr. Pennington's

appointment on the basis of conflict of interest. The debtor relies on *In re Wilson Foods Corporation*, 31 B.R. 272 (Bankr.W.D.Okla.1983). In that case, the court denied the appointment of a competitor to the creditors' committee because of the conflict between the loyalty of the creditor to its own shareholders and creditors, and the fiduciary duty to other creditors which service on the creditors' committee imposes. The court reasoned that the creditor might have a duty to its own shareholders to act inconsistently with its duty to the creditors' committee. However, the *Wilson Foods* case is readily distinguishable from the one at hand. Mr. Pennington testified that he held all the shares of stock in his company, so that he would not face the pressure from shareholders that concerned the *Wilson Foods* court. Further, Mr. Pennington's testimony makes it clear that he understands the fiduciary nature of his duties and is prepared to meet that standard.

The second basis for objection is that service on the creditors committee will give competitors access to customer lists, therefore hindering efforts to reorganize. However, the testimony showed that the creditors were well aware of the debtor's customer list, and would therefore not gain any new information through service on the creditors' committee. Again, the burden is on the debtor to show that some positive harm would result from this appointment, and that burden has not been met.

Finally, the court notes that in many cases it can be advantageous to the debtor to have a competitor on the creditors' committee. Mr. Pennington, because of familiarity with the industry, may have insight into the affairs of the debtor which will be beneficial to the reorganization effort, and thus to both the debtor and the creditors.

The appointment of Randy Pennington to the creditors' committee is hereby approved. A written judgment consistent with this opinion will be signed upon submission.