In the Matter of ENDURO STAINLESS, INC. Debtor and Debtor in Possession.

Bankruptcy No. 686–00219.

United States Bankruptcy Court, N.D. Ohio.

March 19, 1986.

Richard M. Seltzer, Cohen, Weiss & Simon, New York City, James Gwin, Gutierrez, Mackey & Gwin Co., L.P.A., for movants.

Robert S. Balantzow, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for respondent-debtor in possession.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

The United Steel Workers of America (USWA or Union) brings the present controversy before the court on a motion for appointment to the unsecured creditors' committee of the Chapter 11 debtor and debtor in possession, Enduro Stainless, Inc. (Enduro). On February 21, 1986 Enduro filed a petition for relief under Chapter 11 of Title 11 of the United States Code and simultaneously filed a list of its 20 largest unsecured creditors in accordance with Rule 1007(d) of the Bankruptcy Rules. The USWA was not included on the list filed by the debtor. The USWA thereafter filed a proof of claim in the approximate amount of $1,350,000.00, representing unpaid life, health and supplemental unemployment premiums and/or benefits of the union members and filed the instant motion, accompanied by a brief in support requesting appointment to the committee. Enduro filed a brief in opposition and the matter was heard on March 17, 1986.

The Union asserts that it is the debtor's second largest unsecured creditor and is therefore entitled to appointment under Section 1102(b)(1) of the Bankruptcy Code. In addition, the Union argues that it should be appointed under Section 1102(c) so that the committee will be "representative of the different kinds of claims or interests to be represented." Enduro strenuously argues that the Union is not a "creditor" within the meaning of Section 101(9) of the Bankruptcy Code and that the appointment of the Union under the particular facts of this case would present an impermissible conflict of interest.

■ The Third Circuit addressed the issue of whether a union is a creditor entitled to serve on an unsecured creditors' committee in *In re Altair Airlines,* 727 F.2d 88 (3rd Cir., 1984). The court analyzed the issue as follows:

> Eligibility for service on a Creditors' Committee depends upon status as a "creditor[ ] holding unsecured claims." 11 U.S.C. § 1102(a)(1). This section cross-references to the definitional provisions of the Code. 11 U.S.C. § 101. Section 101(9) defines a creditor as
>
> (A) [an] entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor.
>
> An "entity" is defined as "a person, estate, trust, [or] governmental unit." 11 U.S.C. § 101(14). A "person" is defined as an "individual, partnership, [or] corporation, . . . ." 11 U.S.C. § 101(30). Finally a "corporation" includes an "unincorporated company or association." 11 U.S.C. § 101(8)(a)(iv).
>
> ALPA is an unincorporated association, 29 U.S.C. § 185(b). Thus it is an entity within the meaning of 11 U.S.C. § 101(9). The remaining question is whether it "has a claim against the debtor." A "claim" is a
>
> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.
>
> 11 U.S.C. § 101(4). The existence of a "right to payment" is determined, obviously, by the law governing the transaction between the alleged claimant and the debtor. In the case of a collective bargaining agreement in or affecting interstate commerce, that law is federal common law. 29 U.S.C. § 185(a). *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972

(1957). Under that law ALPA may bring suits to enforce the terms of a collective bargaining agreement, including suits to recover unpaid wages or vacation pay. *UAW v. Hoosier Cardinal Corp.* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *New Mexico Dist. Council v. Mayhew Co.*, 664 F.2d 215, 218–19 (8th Cir.1981). *Altair* at 89–90. This court agrees with the analysis set forth by the Third Circuit and holds that the USWA is a creditor eligible to participate on Enduro's unsecured creditors' committee.

The debtor, however, maintains that even if the Union qualifies as a creditor, the fact that the Union has been unavailable for negotiations with management, has met with a competitor regarding an employee buy-out of the plant, has indicated that it is considering requesting appointment of a trustee, presumably will oppose any rejection of the labor contract and is involved in pending NLRB litigation against Enduro, all support denial of the USWA's appointment. The court finds Enduro's arguments unpersuasive.

■ A member of the creditors' committee undertakes to act in a fiduciary capacity and may not act through the committee in such a manner as to promote only that creditor's interest. *In re Johns-Manville Corp.*, 26 B.R. 919 (Bankr.S.D.N.Y. 1983); *In re National Equipment & Mold Corp.*, 33 B.R. 574 (Bankr.N.D.Ohio 1983). However, until such actions are taken indicative of some breach or conflict, the court should not deny a creditor a position on a creditors' committee based upon "speculation." *In re White Motor Credit Corp.* 27 B.R. 554 (N.D.Ohio 1982). Further there are many instances where the interests of creditors who are also members of the creditors' committee are not parallel to one another or the debtor and to deny the USWA's application on these grounds alone would result in disqualification of almost every creditor. *See, e.g., In re Schatz Federal Bearings Co. Inc.*, 5 B.R. 543 (Bankr. S.D.N.Y.1980). The court agrees that the Union may not act *through the committee*

to further only its self-interests, but until such actions are brought to the court's attention, the court will not deny its application based on mere assumptions.

The debtor relies heavily on *In re Allied Delivery Systems Co.*, 52 B.R. 85 (Bankr. N.D.Ohio 1985) as being controlling in this case. In *Allied* the court denied the Union's application to become a member of a previously appointed unsecured creditors' committee when it failed to demonstrate the committee to be unrepresentative of the general unsecured creditors. *Allied* at 86. That court noted additionally that several other factors supported the denial including the adversarial relationship existing between the parties and the filing of an unfair labor practice charge by the union. *Id.* The present case, however, involves an application by one of the seven largest creditors and failure to appoint the Union may well be an abuse of discretion. *See Altair, supra* at Note 4. Further, unlike in *Allied,* no group or member which the Union seeks to represent has been requested to serve.

Finally, the debtor expresses concern that financial information made available to the committee would give the Union an unfair advantage in future negotiations. This argument was addressed by the bankruptcy court in *In re Schatz Federal Bearings Co., Inc., supra,* at 548 and this court concurs that adequate remedies exist in the event the parties are unable to agree upon a method of appropriately protecting the confidentiality of the debtor's financial information.

The court's order appointing a committee of creditors pursuant to 11 U.S.C. § 1102(a)(1) and (b)(1) shall reflect the findings herein.