In re MAP INTERNATIONAL, INC., Debtor.

In re MOLDED ACOUSTICAL PRODUCTS OF WEST VIRGINIA, INC., Debtor.

In re MOLDED ACOUSTICAL PRODUCTS, INC., Debtor.

In re MOLDED ACOUSTICAL PRODUCTS OF INDIANA, INC., Debtor.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 31, 1989.

Charles M. Golden, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for debtor.

Charles J. Phillips, Mogel, Speidel, Bobb & Kershner, Reading, Pa., for Fiber–Lite Corp.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Before the court is a motion filed by debtor to strike John W. Ferguson of Fiber–Lite Corporation ("Fiber–Lite") from the official committee of unsecured creditors. Because we find that debtor has not met its burden of proof, we deny debtor's motion. A brief recitation of the relevant facts follows.

Debtor and Fiber–Lite are competitors in the sound insulation business. The sound insulation business comprises approximately twenty-five to thirty percent of debtor's business. Debtor presses its motion on the ground that Fiber–Lite's status as a competitor when coupled with its membership on the creditors' committee will hinder debtor's ability to reorganize because committee membership may provide Fiber–Lite with access to debtor's confidential business information.[1]

---

1. Debtor further maintains that Fiber–Lite's presence on the committee creates a conflict because debtor is presently pursuing a patent infringement action against Fiber–Lite. We disagree and note that not only is this argument premature because no conflict has yet developed, but also that there is no requirement that the interests of a creditor appointed to serve on the creditors' committee parallel the interests of debtor and all other creditors. In fact, if this element was required, almost every creditor would be disqualified from serving on the creditors' committee. *See, In re Richmond Tank Car Company,* 93 B.R. 504 (Bankr.S.D.Tex.1988); *In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 655 (Bankr.E.D.Pa.1987); *Matter of Enduro*

**6**

It is well established that the mere fact of competitor status is insufficient to disqualify a creditor from serving on the creditors' committee. Rather, the party seeking to exclude a creditor bears the burden of proving that the creditor's appointment will be detrimental to the debtor's reorganization efforts. *See, In re Plant Specialties, Inc.*, 59 B.R. 1 (Bankr. W.D.La.1986); 5 *Collier on Bankruptcy*, § 1102.01(6) (15th Ed.1988).

Instantly, debtor has established only that Fiber–Lite is a business competitor and that debtor is concerned that Fiber–Lite's membership on the committee might provide it with access to debtor's confidential business information. However, members of a creditors' committee are obligated to act in a fiduciary capacity and may not use their positions as committee members to advance only their individual interests. *Matter of Enduro Stainless, Inc.*, 59 B.R. 603 (Bankr.N.D.Ohio 1986).

Since debtor has not established that Fiber–Lite has in fact had access to debtor's confidential information or that Fiber–Lite has in fact violated its fiduciary duties, a decision to strike Fiber–Lite from the committee would be premature at this time. We concur with those courts which have held that until a committee member takes action which indicates a breach of his fiduciary duty, the court should not interfere with committee membership upon mere speculation. *In re Richmond Tank Car Company*, 93 B.R. 504 (Bankr.S.D. Tex.1988); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 655 (Bankr.E. D.Pa.1987); *Matter of Enduro Stainless, Inc.*, *supra.* Therefore, we deny debtor's motion.